UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA M. WOLFF,

          Plaintiffs,

vs.

          Case No.:

AOM FOOD MANAGEMENT, LLC., d/b/a
IHOP 35-16 and AHMED M. DARWISH,

          Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTORIA M. WOLFF (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel sues the Defendants, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16 and AHMED M. DARWISH, (hereinafter referred to as the "Defendants"), and state as follows:

### INTRODUCTION

1. This is a collective action by Plaintiff, against her employer for unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*. Plaintiff seeks damages for unpaid overtime, liquidated damages, a reasonable attorney's fee and costs.

### JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b).

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Hillsborough County, Florida.

## THE PARTIES

4. Plaintiff, VICTORIA M. WOLFF was at all times material, employed by Defendants, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, a Florida Corporation authorized to conduct business in the state of Florida and AHMED M. DARWISH as an assistant general manager from approximately January 2010 through April 5, 2011.

5. Defendant, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, is a restaurant in the state of Florida. Defendant AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, is an employer as defined by 29 U.S.C. § 203(d). Defendant AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the facility where Plaintiff was employed.

6. Plaintiff was employed by Defendant, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, and at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1). Plaintiff was directly engaged in commerce.

7. Alternatively, Defendant, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

8. Defendant is an enterprise whose annual gross volume of sales is not less than $500,000.00.

9. Defendant, AHMED M. DARWISH, is at all times material hereto, the owner and/or officer of Defendant, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16.

10. Defendant, AHMED M. DARWISH, at all times material hereto acts directly or indirectly in the interest of Defendant, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, in relation to Plaintiff's employment and is substantially in control of the terms and conditions of the employee's work and is therefore considered a statutory employer under 29 U.S.C. § 203(d). AHMED M. DARWISH supervised the Plaintiff's work on a day to day basis, had control over the way the Plaintiff was paid and has control over the decision of whether or not Defendant, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16, complied with the FLSA.

11. Plaintiff has retained the BUDGEN LAW GROUP and has agreed to pay said firm a reasonable attorney's fee for its services.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

12. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11, above.

13. Throughout Plaintiff's employment, the Defendants, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16 and AHMED M. DARWISH, repeatedly and willfully violate Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he is employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at the additional half time of the regular rate at which she was employed.

14. Plaintiff is not exempt from the overtime provisions of the FLSA.

WHEREFORE, Plaintiff demands a judgment against Defendants, AOM FOOD MANAGEMENT, LLC., d/b/a IHOP 35-16 and AHMED M. DARWISH jointly and severally for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) Reasonable attorney's fees and costs; and

(e) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: 6/22/11

L. TODD BUDGEN, ESQ.
Bar No.: 0296960
BUDGEN LAW GROUP
400 N. Bumby Avenue
Orlando, Florida 32803
Tel.: (407) 481-2888
Fax.: (407) 313-1119
E-Mail: tbudgen@mywagefirm.com
Trial Counsel for Plaintiff